UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 22-MJ-117 |
| | ) | |
| DEYQUAN MARTIN, a.k.a. "nut," | ) | |
|     Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DETENTION**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby submits this memorandum in support of its September 23, 2022 motion for detention (ECF No. 16) of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f). For the reasons set forth below, the Court should order that the defendant be detained because there are no conditions of release which will reasonably assure the safety of any other person and the community as well as the defendant's appearance as required.

I.    BACKGROUND

The government hereby incorporates the facts set forth in the complaint affidavit, and accompanying exhibit, in the above-referenced matter.

In addition, the government proffers that on September 22, 2022, in executing the search warrant issued for the defendant's residence, the government recovered from a locked safe in the defendant's bedroom and from underneath his bed the following: what appears to be a large quantity of individually-packaged used socks in ziplock bags, with some of the bags being labelled with what appear to be femine names, and with some socks appearing to be child-sized.

In addition, a preliminary review of material obtained pursuant to a search warrant issued to a messaging platform indicates that the defendant caused at least one other 13 year-old girl to send him sexually explicit photographs and video of herself.

## II. LEGAL STANDARD

Under the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. *See* 18 U.S.C. § 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. *See United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). A finding of risk of flight must be supported by a preponderance of the evidence. *See United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *Chimurenga*, 760 F.2d at 405. In addition, a court may order detention if there is "a serious risk that the [defendant] will . . . attempt to obstruct justice, or . . . threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). A finding of a risk of obstruction of justice must be supported by a preponderance of the evidence. *United States v. Madoff*, 586 F. Supp. 2d 240, 247 (S.D.N.Y. 2009) (preponderance of evidence standard applies to determination of both risk of flight and risk of obstruction of justice).

The Bail Reform Act lists four factors a court should consider in the detention analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release, and (4) the evidence of the defendant's guilt. *See* 18 U.S.C. § 3142(g). Evidentiary rules do not apply at detention hearings and the government is entitled to present evidence by way of proffer, among other means. *See* 18 U.S.C. § 3142(f)(2); *see also United States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in detention hearings); *Ferranti*, 66

F.3d at 542 (same); *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (same). As the Second Circuit has explained:

> [I]n the pre-trial context, few detention hearings involve live testimony or cross examination. Most proceed on proffers. *See United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000). This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." *United States v. Acevedo-Ramos*, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (quoted approvingly in *LaFontaine*, 210 F.3d at 131). Indeed, § 3142(f)(2)(B) expressly states that the Federal Rules of Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence. *Id.*

*United States v. Abuhamra*, 389 F.3d 309, 320 n.7 (2d Cir. 2004). Where a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

III.   DISCUSSION

As set forth below, the § 3142(g) factors demonstrate (1) by clear and convincing evidence that the defendant is a danger to the community; and (2) by a preponderance of the evidence that the defendant's release poses a both a risk of flight and a risk of obstruction of justice.

A.   The Nature and Circumstances of the Charged Offenses

The defendant is charged with serious crimes, specifically possession and receipt of child pornography. The defendant's dangerousness is demonstrated by how the defendant came to receive and possess child pornography. As set forth in the complaint affidavit and its exhibit, the defendant preyed on a twelve year-old female minor victim (MV1) and exploited her to create and send him sexually explicit photographs and videos of herself. The defendant met MV1 on a online gaming platform widely used by children and lied about his age, claiming he was a 13-year old child. In fact, he is a 21-year old male. In exchange for certain privileges on the gaming

platform, the defendant induced MV1, on a separate messaging platform, to send him child pornography.  And when the inducement no longer worked, the defendant used threats to exploit MV1 and caused her to send him more child pornography on the separate messaging platform.  The defendant told MV1, among other items, that he was a "hacker" and that "I literally have your address and city and state and your ip I can shut off your wifi or find our [sic] who your parents are."  The defendant then demanded that MV1 produce a sexually explicit video, and MV1 complied.

When law enforcement executed the search warrant at the defendant's residence, they found photographs of MV1 on the defendant's computer, including a sexually explicit photograph as described in the complaint affidavit.  Law enforcement also found a known video of child sexual abuse material as described in the complaint affidavit.

The defendant's use of lying, inducement, and threats to prey upon a minor child are strong indicators that he presents a danger to the community.  The exploitation of MV1, albeit online, is traumatizing and may affect the course of her entire life.

Moreover, the defendant is currently charged with a crime that carries a significant sentence, including a mandatory minimum sentence of five years' imprisonment.  The defendant's actions also appear to constitute crimes carrying even greater mandatory minimum sentences, including a mandatory minimum sentence of 15 years' imprisonment for production of child pornography.  See 18 U.S.C. § 2251(a)  Given the lengthy sentence that the defendant may face, he also presents a serious risk of flight.

      B.    <u>The History and Characteristics of the Defendant and the Seriousnes of the Danger Posed by the Defendant's Release</u>

While Martin is relatively young and does not appear to have prior felony convictions, he is technologically savvy and appears to have an uncontrolled sexual interest in

minors. Martin sexually exploits minors through inducments and threats. This combination renders the defendant a danger to the community.

A preliminary review of material obtained pursuant to a search warrant issued to the above-noted messaging platform indicates that the defendant has victimized at least one other minor female, causing her to send him sexually explicit photographs of herself.

Similarly, as noted above, in executing the search warrant at the defendant's residence, law enforcement recovered in the defendant's bedroom what appears to be a large quantity of individually-packaged used socks in ziplock bags, with some of the bags being labelled with what appear to be femine names, and with some socks appearing to be child-sized. Martin's possession and storage of such items appears to indicate an interest in worn childrens' attire, and adds to the seriousness of the danger posed by the defendant.

    C.    The Strength of the Evidence

The evidence of the defendant's guilt is strong. Law enforcement is in possession of MV1's iPad, which contains the communications between MV1 and the defendant as well as the photographs and videos the defendant caused MV1 to send him. Law enforcement also has obtained, pursuant to a search warrant, the stored contents of the defendant's account on the messaging platform that the defendant used to communicate with MV1. These contents, among other items, include communications between the defendant and MV1, communications of a similar nature between the defendant and another identified minor female victim, child pornography, and photographs of an individual who appears to be the defendant. In addition, law enforcement also has seized, among other items, the defendant's computer, which, among other items, contains child pornography as well as photographs of MV1. Finally, during the search of his residence Martin made a number of significant admissions. For example, after first denying it, Martin admitted that the computer in his bedroom was his. Martin also admitted that he used an

IP tracing search to send MV1's location to her and that he had done so for the purpose of intimidation. The government's evidence is thus strong and favors detention.

IV.     CONCLUSION

For the foregoing reasons, the government respectfully submits that the defendant should be detained pending trial.

Dated at Burlington, in the District of Vermont, September 26, 2022.

                                                    Respectfully submitted,

                                                    NIKOLAS P. KEREST
                                                    United States Attorney

By:    */s/ Andrew C. Gilman*
        Andrew C. Gilman
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Andrew.Gilman2@usdoj.gov